IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NACHIAPPAN SUBBIAH MUTHUKUMAR ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-21723-O-BH |
| ) | |
| NISSAN NORTH AMERICA INC., ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is Plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed July 9, 2012 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be dismissed for failure to follow court orders.

**I. BACKGROUND**

Plaintiff filed this case and moved to proceed *in forma pauperis* on July 9, 2012. Based on the information in his motion, the Court found that Plaintiff had enough assets to pay the filing fee. (*See* doc. 6.) He was given twenty days to pay the full filing fee of $350.00. *Id.* The order specifically warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. *Id.* On July 25, 2012, Plaintiff moved for reconsideration of the order finding that he had not shown that he would suffer undue financial hardship after payment of the $350.00 filing fee, and in the alternative, for a six-month extension of time to pay the fee. (*See* doc. 7.) The motion was denied on July 30, 2012, but he was given an additional ten days to pay the filing fee. (*See* doc. 10.) He

was again warned that failure to timely pay the filing fee would result in a recommendation that leave to proceed *in forma pauperis* be denied and that the case could be dismissed.  *Id.*

On August 4, 2012, Plaintiff filed what was construed as a second motion for reconsideration, and it was also denied.  (*See* docs. 12-13.)  He was again reminded that the filing fee was due by August 9, 2012, that failure to pay the fee would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal.  (*See* doc. 13.)  Plaintiff filed what has been construed as objections to that order on August 6, 2012.  (*See* doc. 14.)  He has not paid the filing fee despite sufficient assets.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Plaintiff's application shows that his wife's gross monthly income for the past twelve months is $4,000.00, and that they currently have $4,000+ in cash in a bank account. He claims average monthly household expenses of $3,000 per month, but only lists itemizes $1,700 in monthly expenses.  His assets have been found sufficient to warrant denial of leave to proceed *in forma pauperis* in both district court and on appeal in other cases.  *See Muthukumar v. Bridges,* 3:12-CV-2629-O (N.D. Tex.), at doc. 6; *Muthukumar v. Bankston Nissan Lewisville,* 3:12-CV-2007-B (N.D. Tex.), at docs. 6, 8; *Muthukumar v. Dess,* 3:12-CV-1719-N (N.D. Tex.), at doc. 6; *Muthukumar v.*

*The University of Texas at Dallas,* 3:10-CV-115-B (N.D. Tex.), at doc. 77. Based on the current amount of cash listed as being on hand, Plaintiff has likewise not shown that he will suffer undue financial hardship after payment of the $350.00 filing fee, and his motion to proceed *in forma pauperis* should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). In at least three orders, Plaintiff has been given the opportunity to pay the filing fee, and his last deadline was August 9, 2012. Plaintiff was specifically warned that failure to do so would result in a recommendation that leave to proceed *in forma pauperis* be denied, and that the case would be subject to dismissal. Because he failed to comply with an order that he pay the filing fee and had sufficient assets with which to do so, his complaint should be dismissed.

### IV.  RECOMMENDATION

Plaintiff's motion to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow court orders unless he pays the filing fee within the time for for objecting to this recommendation.

**SIGNED** on this 13th day of August, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE